## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| STEPHANIE TISBY | CIVIL ACTION NO. 24-0893 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WAL-MART, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Stephanie Tisby ("Tisby") filed a petition for damages against Wal-Mart, Inc., Wal-Mart Claims Services, Inc., and Wal-Mart Louisiana, LLC (collectively, "Walmart") after she fell in a store parking lot. Record Document 1-2, at 1. After Walmart removed the petition to federal court, Tisby's original counsel, Jacqueline Scott, withdrew her representation. Record Documents 12, 13. A few weeks later, Matthew Donald Hemmer ("Hemmer") enrolled as counsel for Tisby. Record Documents 14, 15.

About a year after litigation began, on August 11, 2025, Walmart served an offer of judgment ("Offer of Judgment") on Tisby through her counsel, Hemmer. Record Document 41-4, at 1. The Offer of Judgment, Record Document 41-3, stated:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants, Wal-Mart, Inc., Wal-Mart Claims Services, Inc. and Wal-Mart Louisiana, LLC, offer to allow judgment to be taken against them in this action in the amount of One Hundred Thousand Dollars ($100,000). This offer of judgment includes interest and attorney's fees accrued to the date of acceptance, exclusive of costs. Defendants agree to pay plaintiff's court costs accrued to the date of acceptance. This offer of judgment is made for the purposes specified in Rule 68 and is not to be construed

1

as an admission of liability or that the plaintiff has suffered any damage.

Walmart later gave Tisby an extension until August 29, 2025 to respond to the Offer of Judgment. *See* Record Document 41-4.

Over the following days, Hemmer attested that he and Tisby extensively discussed the Offer of Judgment. *See* Record Document 48, at 2-3. Then, on August 26, 2025, Tisby told Hemmer through email: "Please go ahead and settle the case." Record Document 48-5, at 2. Out of caution, Hemmer gave Tisby a "cooling off" period of more than twenty-four hours for her to reconsider whether she wanted to accept the settlement offer. *Id.* at 1-2. Hemmer asked Tisby again: "[a]re you certain that you are instructing me to accept the settlement offer of $100,000 consistent with my prior emails?" *Id.* Tisby unequivocally responded: "Yes okay to settle." *Id.* at 1.

On August 29, 2025, before the Offer of Judgment expired, Hemmer notified counsel for Walmart that Tisby had "authorized me to accept the offer of judgment and instructed me to do so right away." Record Document 41-4, at 3. Hemmer then said: "I accept your offer of judgment to settle Ms. Tisby's case." *Id.* Ten minutes later, counsel for Walmart responded and requested that Tisby execute a document titled Full and Final Confidential Settlement, Release of All Claims and Indemnity Agreement ("Release Agreement"). *Id.* at 4; *see also* Record Document 41-2, at 1. Walmart said it needed that Release Agreement executed "prior to delivery of the [settlement] check." Record Document 41-4, at 4. Ultimately, before the closing of business on August 29, 2025, Walmart filed with the clerk of court a notice of settlement. Record Document 39.

On September 2, 2025, the Court issued an order of dismissal ("Order of Dismissal") that provided: "this action is hereby dismissed, without prejudice to the right, upon good cause shown within ninety (90) days of the signing of this Order, to reopen the action if settlement is not consummated." Record Document 40 (emphasis removed).

Ultimately, Tisby refused to sign the Release Agreement and then terminated Hemmer's representation. Record Document 48-8 ("I refuse to sign this fraudulent [Release Agreement] that you and Walmart attorneys drafted up. As of today, I no longer want you to represent me. You are terminated for the reason above."); Record Document 43-3. Pending before the Court is an omnibus Motion to Enforce Settlement Agreement or Enter Judgment Pursuant to Rule 68 and Motion to Deposit Settlement Funds into Registry of Court filed by Walmart. Record Document 41. Tisby, proceeding pro se, has responded to the pending motion, complaining about Hemmer's communication and effectiveness and otherwise arguing the merits of her action.[1]

The Court begins, as it must, by determining whether it has jurisdiction to consider the pending motion. Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Enforcing a settlement agreement "is more than just a continuation or

---

[1]    Because the Court found certain attachments in Hemmer's sealed pleading, Movant's Response to Defendants' Motion to Enforce Settlement, Record Document 48, necessary to render this ruling, which is public, the Court will direct that the clerk of court unseal only those attachments that the Court has relied upon in the ruling.

renewal of the dismissed suit and hence requires its own basis for jurisdiction." *Id.* at 378. Nonetheless, a federal court has ancillary jurisdiction over a settlement agreement "if it explicitly retains jurisdiction over the agreement or incorporates the agreement in its dismissal order." *Gilbert v. Greenwich Ins. Co.*, No. 20-336, 2021 WL 2954422, at *3 (W.D. La. June 29, 2021) (citing *Kokkonen*, 511 U.S. at 377).

Here, the Order of Dismissal established that the Court retained jurisdiction for a period of ninety days to enforce the parties' settlement agreement. The Order of Dismissal was issued on September 2, 2025, and Walmart filed the pending motion on September 29, 2025. Accordingly, because Walmart filed the pending motion well within the ninety-day period of retained jurisdiction, this Court has the authority to enforce their settlement.

In its omnibus motion, Walmart asks the Court to either enforce the Release Agreement or enter the Offer of Judgment under Federal Rule of Civil Procedure 68 ("Rule 68"). Record Document 41, at 1. Under either circumstance, Walmart also requests leave to deposit the settlement funds into the registry of the Court and to be dismissed with prejudice from the action. *Id.* at 1-2. If Rule 68 applies, a federal court has "no discretion whether or not to enter judgment," so the Court begins its analysis there. *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 370 (5th Cir. 2004).

Under Rule 68, the defendant in an action may serve upon the plaintiff an irrevocable offer of judgment. *Ramming*, 390 F.3d at 370. In turn, the plaintiff may "unconditionally accept the offer" within fourteen days through "written notice" to the defendant. *Id.* (discussing the ten day period of acceptance effective before the

4

2009 amendment); Fed. R. Civ. P. 68. If the plaintiff accepts the offer of judgment, either party may file the offer and acceptance with the clerk of court who "*shall* then enter the judgment." *Ramming*, 390 F.3d at 370. As such, a "Rule 68 Offer of Judgment is usually considered self-executing." *Id.*

Like all contracts, an effective Rule 68 offer of judgment requires an agreement between the parties through offer and acceptance. *Mallory v. Eyrich*, 922 F.2d 1273, 1280 (6th Cir. 1991) (noting that "many courts have concluded" that "contract principles apply to the formation of a Rule 68 agreement[.]") (collecting cases); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("We hold today, in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation."); *Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 454 (5th Cir. 2003) ("Courts apply general contract principles to interpret Rule 68 offers of judgment.").

In this case, the Court finds that Walmart and Tisby entered a binding agreement through Walmart's Offer of Judgment and Tisby's acceptance of that Offer of Judgment. Although Tisby never signed the Offer of Judgment itself, Rule 68 explicitly requires only "written notice accepting the offer" and not a signature. Fed. R. Civ. P. 68. Moreover, even if a signature were needed, an email can qualify as the "signed writings needed to form contracts." *Preston Law Firm, LLC v. Mariner Health Care Mgmt. Co.*, 622 F.3d 384, 390 (5th Cir. 2010). After receiving the Offer of Judgment, Tisby emailed her counsel with instructions to "settle the case[,]" and she

5

did so twice. *See* Record Document 48-5, at 1-2. Hemmer then communicated that acceptance in writing through an email to Walmart: "I accept your offer of judgment to settle Ms. Tisby's case." Record Document 41-4, at 3.

Under these circumstances, even though she might regret her decision now, Tisby has bound herself to the Offer of Judgment through an effective written notice of acceptance. Accordingly, as Rule 68 mandates, the Court will direct the clerk of court to enter the Offer of Judgment.

Although the Offer of Judgment is binding, Walmart is not entitled to enforce the Release Agreement. Walmart did not even deliver the Release Agreement until *after* Tisby had agreed to "accept your *offer of judgment*." Moreover, after Walmart demanded signature on the Release Agreement, Tisby never communicated her acceptance of that Release Agreement. In fact, Tisby vociferously refused to sign the Release Agreement because it included significantly more terms and placed additional restrictions upon her rights than had been presented in the Offer of Judgment. Therefore, the parties never had a "meeting of the minds" on the terms of the Release Agreement, and without such, they never formed a valid contract.

Finally, the Court will provide Walmart with leave to deposit the settlement funds into its registry. Under Federal Rule of Civil Procedure 67, "if any part of the relief sought is a money judgment or the disposition of a sum of money, a party…may deposit with the court all or part of the money[.]" The Fifth Circuit has explained that the "rule's purpose is to relieve the depositor of responsibility for the fund in dispute while the parties hash out their differences with respect to it." *Cajun Elec. Power*

*Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 444-45 (5th Cir. 1990). Whether to allow the deposit is "committed to the sound discretion of the district court." *Id.*

Because Walmart has demonstrated that the parties entered a binding settlement agreement through the Offer of Judgment, Walmart no longer has an interest in the proceeding and is allowed to deposit the settlement funds in the registry and will be dismissed with prejudice. The Court will then distribute the deposited funds to the plaintiff or any intervenors, assuming diversity jurisdiction exists. If diversity is defeated, the Court will distribute the settlement funds upon receipt of "an agreement between the parties" or "a judgment from a Louisiana state court setting forth how the funds should be distributed." *See Toth v. Calcasieu Parish*, No. 06-0998, 2011 WL 1675072, at *6 (W.D. La. May 1, 2011).

**DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of June, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE