## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| STEPHANIE TISBY | CIVIL ACTION NO. 24-0893 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WAL-MART, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Stephanie Tisby ("Tisby") sued Walmart Inc. ("Walmart") when she fell in the parking lot of a Shreveport, Louisiana store. Record Document 1-2. Tisby is a Louisiana resident. *Id.* at 1. To represent her, Tisby hired Matthew Hemmer, an attorney in the law firm of Morris Bart LLC ("Morris Bart"). Record Document 14. Hemmer, like Tisby, resides in Louisiana, practices in Louisiana, and is licensed in Louisiana. *See id.* Morris Bart is a limited liability company organized in Louisiana "with all of its members being natural persons domiciled in the State of Louisiana." Record Document 43-4 at 3.

Tisby later fired Hemmer and Morris Bart when she felt buyer's remorse about a settlement agreement that she authorized. Record Document 43. In response, Hemmer moved to intervene, alleging a portion of the settlement proceeds belonged to Morris Bart as attorney's fees. Record Document 43-4 at 4. The Magistrate Judge correctly denied Hemmer's motion to intervene based on a lack of diversity. *See* Record Document 49 at 1.

Previously, the Court entered judgment and enforced a settlement agreement between Tisby and Walmart. Record Document 59. Walmart then deposited its settlement funds into the Court's registry. Record Document 61. After the deposit, Tisby began calling the clerk of court's office and demanding payment of the funds. *See* Record Document 62. When that happened, the undersigned issued an order that instructed Tisby to comply with Local Rule 67.3 and file a motion for disbursement. *Id.* That order led to the pending, competing motions for disbursement filed by two non-diverse Louisiana residents. *See* Record Documents 63, 65, 67.

Morris Bart and Hemmer (collectively, "Morris Bart") filed its motion for disbursement first. Record Document 63. Morris Bart alleged that it owned the lion's share of the settlement funds as fees for its representation. Record Document 63-1 at 11. The remaining portions, according to Morris Bart, should be disbursed in varying portions to Tisby, medical treatment providers, and a loan provider. *Id.* at 11-12.

Tisby views the settlement funds quite differently. According to Tisby, Morris Bart should receive only a fractional share of the $100,393.14 settlement. Record Document 67 ("Plaintiff is requesting $393.14…be released to [Morris Bart]."). Everything else, in Tisby's telling, belongs to her. *Id.* ("Plaintiff is requesting that $100,000…be released to [Tisby]."). Tisby does not address the debt that she owes medical providers for her treatment or the portion of her recovery that she assigned to procure a personal loan. *See generally id.*

## Analysis

Federal courts are courts of limited jurisdiction. *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 392 (5th Cir. 2019). Absent jurisdiction conferred by statute, federal courts have no power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Moreover, subject matter jurisdiction cannot "be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal courts have the obligation to address jurisdictional questions even "if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Subject matter jurisdiction for the original lawsuit between Tisby and Walmart had been based on diversity of citizenship under 28 U.S.C. § 1332. Record Document 1 at 5. Under that statute, a district court has jurisdiction over claims between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Diversity of citizenship existed because Tisby had been a Louisiana resident while Walmart had been a Delaware corporation with its principal place of business located in Arkansas. *Id.* at 2-3. But after depositing settlement funds into the registry, Walmart was dismissed. Record Documents 59, 61.

Dismissal of the original claims would ordinarily extinguish a federal court's jurisdiction. *Toth v. Calcasieu Par.*, No. 06-998, 2011 WL 1675072, at *3 (W.D. La. May 1, 2011). But when a federal court has original jurisdiction over at least one claim, it may possess supplemental jurisdiction over claims that would otherwise fall outside its reach. *Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010). That rule has limits

though. A federal court has no supplemental jurisdiction over the claims of a plaintiff-intervenor whose intervention itself does not "meet the diversity requirements of 28 U.S.C. § 1332." 28 U.S.C. § 1367(b); *Samuels v. Twin City*, 602 F. App'x 209, 210 (5th Cir. 2015).

The United States Court of Appeals for the Fifth Circuit has twice considered whether a district court has supplemental jurisdiction to resolve a fee dispute between an intervening, non-diverse attorney and client.

In *Griffin v. Lee*, an attorney who previously represented the plaintiff in an underlying lawsuit intervened after it had been dismissed. 621 F.3d at 382. The attorney sought recovery of his fees and expenses. *Id.* The Fifth Circuit first reasoned that as an attorney who sought recovery of his fees his claim "align[ed] him as a plaintiff…intervening under Rule 24." *Id.* at 388. The court held that the attorney had to satisfy the requirements of 28 U.S.C. § 1332, and because he sought less than $75,000, it vacated the district court's award "because there was no supplemental jurisdiction over [the attorney's] claim in intervention." *Id.* at 390.

Then, in *Samuels v. Twin City*, the Fifth Circuit once again considered whether an attorney who previously represented the plaintiff could intervene after a lawsuit had been dismissed and assert a claim for his fees. 602 F. App'x at 210. Like in *Griffin*, the court found that the attorney who sought to recover his fees should be aligned as a plaintiff-intervenor and had to satisfy the diversity requirements of § 1332. *Id.* at 211. The court held that the district court lacked subject matter jurisdiction because the attorney did not "meet both of § 1332(a)'s requirements." *Id.*

4

Here, Morris Bart tried to avoid the question of supplemental jurisdiction. Morris Bart had already been denied intervention once because it did not satisfy the requirements of citizenship diversity. Record Document 49 at 1. Rather than try to intervene again, Morris Bart called its motion one for "disbursement" instead. But renaming the motion does not change that Morris Bart seeks to assert a claim for attorney's fees in a lawsuit in which it is not a party. Therefore, despite the name change, Morris Bart's motion is construed as a motion to intervene.

Morris Bart is properly aligned as a plaintiff-intervenor. As in *Griffin* and *Samuels*, Morris Bart is a former counsel seeking its own fees—a claim that "align[s] him as a plaintiff…intervening under Rule 24." 602 F. App'x at 210 (quoting *Griffin*, 621 F.3d at 388). As the plaintiff-intervenor, Morris Bart must satisfy the citizenship diversity requirement of § 1332 before the Court can exercise supplemental jurisdiction. It does not.

Morris Bart and Tisby are not "citizens of different States." 28 U.S.C. § 1332. Tisby pleaded in her original complaint that she is a citizen of Louisiana. Record Document 1 at 1. For its part, Morris Bart admitted in its motion for intervention that Morris Bart is a limited liability company organized in Louisiana "with all of its members being natural persons domiciled in the State of Louisiana." Record Document 43-4 at 3. Because Morris Bart and Tisby are not diverse, this Court cannot exercise supplemental jurisdiction over their dispute regarding the disbursement of settlement funds.

Tisby's motions for disbursement fare no better. Federal courts hold deposited funds as trustees for the true owner and must determine ownership before disbursement. *In re Craig's Stores of Tex., Inc.*, 402 F.3d 522, 524 (5th Cir. 2005). In her motions, Tisby asserts that she's entitled to essentially all the funds deposited without regard to the numerous other claimants who may have superior liens. Record Document 65 at 1. Tisby does not address attorney's fees, Medicaid, or the partial assignment of her claim to healthcare providers and a pre-settlement funding company. *See, e.g.*, Record Document 63-1 at 6-13 (listing possible lien holders associated with Tisby's accident).

Despite Tisby's conclusory claim that she owns almost the whole settlement, a significant dispute over ownership still exists, including among claimants who have not appeared to establish their ownership. *In re Craig's Stores of Tex., Inc.*, 402 F.3d at 524. Furthermore, to the extent the controversy exists solely between Tisby and Morris Bart, resolving that dispute would require this Court to exercise supplemental jurisdiction, which it cannot do between non-diverse parties. *Griffin*, 621 F.3d at 390.

Tisby and Morris Bart are not without recourse. In *Toth v. Calcasieu Parish*, a different division of this Court held that it lacked jurisdiction to resolve a fee dispute between an attorney and his former client. 2011 WL 1675072 at *3-4. *Toth* explained that "[s]tate courts, which do have general jurisdiction, would be the appropriate forum to litigate those disputes." *Id.* at *3. *Toth* concluded with an instruction to the parties that the settlement funds would remain "in the registry of this court until we receive either an agreement between the parties as to how the proceed will be

6

distributed or a judgment from a [Louisiana] court setting forth how the funds should be distributed." *Id*. The Court will maintain the settlement funds that Walmart deposited until Tisby and Morris Bart file an agreement between the parties or a judgment from a Louisiana state court setting forth how the proceeds should be distributed.

**DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of July, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE